# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0065V
(not to be published)

| | |
|---|---|
| K.P., <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: July 6, 2022 <br><br> Motion to Redact; Special Processing Unit (SPU); Tetanus-Diphtheria-Acellular Pertussis (Tdap) Vaccine; Localized Injury to Shoulder; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*John Robert Howie, Jr.,* Howie Law, PC, Dallas, TX, for Petitioner.

*Jennifer Leigh Reynaud,* U.S. Department of Justice, Washington, DC, for Respondent.

### ORDER GRANTING MOTION TO REDACT AND AMENDING CASE CAPTION[1]

On January 15, 2019, K.P. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine she received on September 12, 2016, she suffered a shoulder injury related to vaccine administration ("SIRVA") as defined on the Vaccine Injury Table. Petition (ECF No. 1) at Preamble.

---

[1] Because this unpublished order contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the order will be available to anyone with access to the internet. In light of the my conclusion below, I intend to post this Order with a redacted caption.** To the extent Petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

I issued a Ruling on Entitlement on May 25, 2022. ECF No. 36. Petitioner has now timely requested, pursuant to Vaccine Rule 18(b), that I redact her name to her initials throughout the Ruling on Entitlement. *See* Motion for Redaction, dated June 7, 2022 ("Mot.")(ECF No. 39). Alternatively, Petitioner requests "the redaction of individual, specific details relating to her medical history . . . her ex-husband, their children, their divorce, and her ex-husband's child with special needs." *Id.* at 3. For the reasons stated below, I hereby grant Petitioner's motion.

## Procedural Background

Petitioner filed the present motion on June 7, 2022, requesting that her name be redacted from the Ruling on Entitlement. Mot at 1. Alternatively, Petitioner seeks the redaction of details concerning her ex-husband, the dissolution of their marriage, their children, and "[m]atters related to Petitioner's pelvic pain, ovarian cysts, weight gain, and depression." *Id.* at 2-6. Petitioner argues that each of these subjects "constitute information obtained from medical files and similar files, and the disclosure of [this] information would not only potentially harm the Petitioner and her minor children, but it would also constitute a clearly unwarranted invasions [sic] of Petitioner's privacy and the privacy of several individuals who are not parties to the claim." *Id.* at 6.

To justify her concerns regarding the disclosure of details related to her divorce, Petitioner notes that she wants to protect her children from learning about "the toll [the proceeding] took on her mental health, as she fears that this will only magnify the significant anguish that her children have already experienced from the dissolution of her marriage." Mot. at 3-4. Petitioner also notes that because neither her ex-husband, her minor children, nor stepchild are parties to this matter, "the inclusion of any information relating to them would constitute an unwarranted invasion of their privacy." *Id.* at 4. With respect to matters concerning her mental health, weight gain and gynecological issues, Petitioner argues that "[t]hese matters are personal, confidential, protected by the physician-patient privilege, and not relevant to the issues relating to Petitioner's SIRVA injury." *Id.* at 5.

In his response, filed on June 21, 2022, Respondent generally discusses the standards to be applied in weighing redaction requests. *See generally W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 456-57 (Fed. Cl. 2011), *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013); *Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013); *Id.* at 2-4. ECF No. 40. But Respondent took no position as to whether redaction was appropriate or not, deferring resolution of the matter to my judgment. *Id.* at 5. Respondent has noted, however, that (in addition to the fact that "there

is . . . a significant Program interest in not having every case caption reduced to initials") "the details [P]etitioner is seeking to redact appear to provide the basis for the Chief Special Master's finding that [P]etitioner's injury and residual effects" persisted for greater than six months. *Id.* at 4-5. Petitioner did not file a reply. The matter is now ripe for resolution.

## Analysis

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*,123 Fed. Cl. 497 (2015); § 12(d)(4)(B); Vaccine Rule 18(b). The Act provides for redaction from published decisions of certain categories of information – "medical files and similar files" – but only if the disclosure of such information would constitute a "clearly unwarranted invasion of privacy." Section 12(d)(4)(B). Although the Vaccine Rules make mandatory the redaction of a minor's name, adult petitioners' names (which are not similarly protected automatically) may also be redacted if the movant establishes proper grounds for so doing. *See generally W.C. v. Sec'y of Health & Human Servs.*,100 Fed. Cl. at 460-61 (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *A.K. v. Sec'y of Health & Human Servs.*, No. 09-605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013) (same); *but see Langland v. Sec'y of Health & Human Servs.,* No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011)(petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing).

As I have previously observed, *W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*,100 Fed. Cl. at 460-61; *K.L.*,2015 WL 11387761, at *2-3. In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, No. 12-312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's motion for redaction because disclosure of her injuries would cause her harm in the employment context).

Here, I find it is appropriate to grant Petitioner's request to redact her name to reflect her initials. Although Petitioner has alternatively proposed redaction of information relating to her medical history and matters concerning non-parties to this case, I find that the more limited redaction best balances Petitioner's privacy interest with the public purpose of the Vaccine Act.

I credit Respondent's argument regarding the confusion which would be created if every case caption were reduced to initials, and concur that redaction of Program cases should not be the rule – a form of relief afforded automatically, whenever requested. Nevertheless, *in this case* the standards have been met, and I find that Petitioner has made an adequate showing for her redaction request. *See K.L.*, 2015 WL 11882259; *N.W. v. Sec'y of Health & Human Servs.*, No. 07-93V, 2018 WL 5851061 (Fed. Cl. Spec. Mstr. Jul. 13, 2018) (granting Petitioner's motion for redaction finding that Petitioner's particular professional and educational concerns outweighed the competing interest in disclosure); *See also J.H. v. Sec'y of Health & Human Servs.*, 123 Fed. Cl. 206, 206 n.1(2015)(categorizing petitioner's "family history of mental illness" as grounds for redaction). Accordingly, I will grant Petitioner's motion to redact her name to her initials.

## CONCLUSION

For the reasons set forth above, I hereby determine that Petitioner has established grounds for redaction of her name in the Ruling on Entitlement, and **I therefore GRANT her motion. Further, the Clerk of this Court is hereby instructed to change the caption of this case to the caption above.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master